UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE ACKLES, individually and on behalf of all others similarly situated | ) ) ) | |
| PLAINTIFF, | ) ) ) | Civil Action No. 15-cv-4068 |
| v. | ) ) | |
| UNITED RECOVERY SERVICE, LLC., | ) ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Jesse Ackles, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Jesse Ackles ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Advocate Medical Group/LUTI account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, United Recovery Service, LLC ("United"), is an Illinois limited liability company with its principal place of business at 18525 Torrence Avenue, C-6, Lansing,

Illinois 60438. It does or transacts business in Illinois. (See Exhibit A, Record from Illinois Secretary of State).

5. Defendant United is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant United regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for an Advocate Medical Group/LUTI account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

8. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

9. Advocate Medical Group/LUTI subsequently hired, retained, or otherwise assigned the alleged debt to United.

10. On or about February 23, 2015, United mailed Plaintiff a debt collection letter ("Letter") asserting a balance of $1,178.00 on the alleged debt. (See Exhibit B, Letter from United Recovery Service).

11. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an amount due.

12. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

13. The letter stated that "If however, we do not hear from you we may have no alternative but to commence legal action against you/or any other liable party; which may greatly

increase the amount by the addition of court costs, attorney fees and/or cost of collection when applicable."

14. Plaintiff had never entered into a contract authorizing such fees.

15. United had no statutory or contractual right to collect attorney fees or other fees arising out of the alleged debt.

16. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

17. United falsely represented it had the right to collect an amount not authorized by the agreement creating the debt or permitted by law, when it represented that interest and other fees could be accruing on Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692f.

18. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—
(A) the character, amount, or legal status of any debt. . . .**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

19. United misrepresented the character of the alleged debt, when it falsely stated that if they did not hear from Plaintiff, it would commence legal action "which may greatly increase

the amount by the addition of court costs, attorney fees and/or cost of collection where applicable", in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

20. United lacked the standing to sue Plaintiff in court, and Advocate Medical Group/LUTI had no intention of suing Plaintiff.

21. In fact, Advocate Medical Group/ LUTI does not regularly sue consumers to collect past due medical debts.

22. Thus, United was utilizing false and misleading representation by telling Plaintiff he was going to be sued if he did not contact the debt collector to set up payment.

23. United used false, deceptive and misleading representation, in violation of 15 U.S.C. §§ 1692e, and 1692e(5) when it threatened to sue Plaintiff if Plaintiff did contact the debt collector to set up a payment plan.

24. United knew that it did not have standing to sue Plaintiff, and it knew that Advocate Medical Group/LUTI did not intend to sue Plaintiff. Thus, United violated §§ 1692e and 1692e(5) when it threatened to sue Plaintiff.

25. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I-FAIR DEBT COLLECTION PRACTICES ACT – CLASS CLAIM**

26. Plaintiff re-alleges paragraphs 1-25 as is set forth fully in this count.

27. United falsely represented it had the right to collect an amount not authorized by the agreement creating the debt or permitted by law, when it represented that interest and other fees could be accruing on Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692f.

28. United misrepresented the character of the alleged debt, when it falsely stated that if they did not hear from Plaintiff, it would commence legal action "which may greatly increase the amount by the addition of court costs, attorney fees and/or cost of collection where applicable", in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

29. United used false, deceptive and misleading representation, in violation of 15 U.S.C. §§ 1692e and 1692e(5) when it threatened to sue Plaintiff if Plaintiff did contact the debt collector to set up a payment plan.

## CLASS ALLEGATIONS

30. Plaintiff, Jesse Ackles, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt, upon which Defendant threatened to collect attorney fees and other fees without statutory or contractual authority to do so.

31. Defendant regularly engages in debt collection, including attempting to collect debt via the mails, in its regular course of business.

32. The Class consists of more than 35 persons from whom Defendant threatened to collect attorney fees and other fees without statutory or contractual authority to do so.

33. Plaintiff Ackles' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of

the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

35. Plaintiff Ackles will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Ackles has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the class members and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
**Wood Finko & Thompson P.C.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603

Ph: (312)757-1880
Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com